**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HIPOLITO NESTOR CHAMU, | No. 12-71893 |
| Petitioner, | Agency No. A073-809-394 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:      CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Hipolito Nestor Chamu, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal  proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying as untimely Chamu's motion to reopen alleging exceptional circumstances, where it was not submitted within 180 days of the IJ's October 8, 1999, order, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days), and he failed to assert that he qualified for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 678-80 (9th Cir. 2011). It follows that the agency did not violate Chamu's due process rights by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We lack jurisdiction to review the agency's discretionary decision not to reopen removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

In light of this disposition, we need not reach Chamu's remaining contention.

**PETITION FOR REVIEW DENIED, in part; DISMISSED in part.**

12-71893